# 1

Filed 3/20/2024 5:03 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

CAUSE NO. CV-00165-24-03

| | | |
|---|---|---|
| LUQUECE DICKENS<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | ANGELINA COUNTY, TEXAS |
| DOLLAR TREE, INC.<br>Defendant. | §<br>§ | 159th/217th JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUQUECE DICKENS, Plaintiff, and complains of DOLLAR TREE, INC., and for cause would respectfully show unto this Court as follows:

**I.**
**Discovery Control Plan**

1. Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

**II.**
**The Parties**

2. Plaintiff, LUQUECE DICKENS, is a natural person residing in Angelina County, Texas.

3. Defendant, DOLLAR TREE, INC., is conducting business in Texas and can be served with process by serving their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX, 78701, or wherever it may be found.

4. Plaintiff hereby invokes her right to institute this suit against whatever entity was conducting business using the assumed or common name of DOLLAR TREE, INC., with regard to events described in this petition.

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.
## Request Pursuant to Rule 28 for Substitution of True Name

6. To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answer to this suit, that Defendant answers in its correct legal and assumed names.

## IV.
## Jurisdiction and Venue

7. This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

8. The amount in controversy is within the jurisdictional limits of this Court.

9. Venue of this action is proper in Angelina County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Angelina County because all or a substantial part of the events or omissions giving rise to the claims occurred in Angelina County.

**V.**
**Nature of the Case**

10. On or about December 8, 2022, Plaintiff, LUQUECE DICKENS, was at the Family Dollar #6227 located at in 1891 W Frank Avenue, Lufkin, Texas 75904, when suddenly and unexpectedly she slipped/tripped and fell. As a result, she landed forcefully on the ground and sustained severe and extensive injuries (the "Fall") .

**VI.**
**Causes of Action**

A. ***Defendant's Premises Liability***

11. DICKENS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

12. There can be no question that DICKENS is an innocent victim in this case. At the time of the Fall, DICKENS was an invitee of Defendant because she was a customer at Defendant's premises. Because the premises was open to the public, Defendant extended an invitation to DICKENS to shop for the mutual benefit of both parties. Consequently, Defendant, by and through their employee/agents owed DICKENS the duty to inspect the premises and maintain the premises in a reasonable and safe manner.

13. Defendant was the owner and/or operator of the premises at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of DICKENS's damages.

14. The hazard of the premises of Defendant posed an unreasonable risk of harm because individuals walking through the premises may trip/slip and fall through no fault of their own and severely injure themselves.

15. Defendant, by and through its respective employees/agents knew or should have known of the dangerous condition on Defendant's premise for numerous reasons including, but not limited to:

a. Customers notified Defendant of the dangerous condition at the premises or other Defendant's premises of similar design and construction around the country;

b. Defendant's agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the premises or other premises owned by Defendant of similar design and construction around the country;

c. Defendant's agents, servants, or employees actually caused the dangerous condition at the premises or other premises of similar design and construction around the country;

d. Defendant's agents, servants, or employees were involved in the design and construction of the dangerous condition at the premises or other premises of similar design and construction around the country;

e. Defendant's agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the premises or other premises of similar design and construction around the country;

f. Defendant's agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the premises or other premises of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g. The dangerous condition existed long enough at the premises or other premises of similar design and construction around the country that Defendant did or should have discovered it upon reasonable inspection.

16. Defendant breached its duty of care by failing to make the dangerous condition reasonably safe and/or failing to adequately warn DICKENS of the dangerous condition at the premises. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Defendant and DICKENS sustained damages as a proximate result of Defendant's conduct. Accordingly, Defendant is liable to DICKENS as a result of its premises liability.

**B. *Defendant's Negligence***

17. DICKENS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

18. At the time of the Fall, DICKENS was an invitee at Defendant's premises and, as such, Defendant had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

19. Defendant, by and through its employees/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn DICKENS of the dangerous condition at its premises. Each of these acts or omissions, taken alone or collectively, amount to negligence by Defendant and DICKENS sustained damages as a proximate result of Defendant's conduct. Accordingly, Defendant is liable to DICKENS as a result of its negligence.

**C. *Defendant's Malicious & Grossly Negligent Conduct***

20. DICKENS incorporates by reference the statements made in the above paragraphs as if fully set out herein.

21. Defendant acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, Defendant, by and through their employees/agents failed to reasonably inspect, or ensure that others reasonably inspected the premises to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, Defendant, by and through their employees/agents failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

22. When viewed from the perspective of Defendant at the time of the acts or omissions, the acts or omissions of Defendant involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Defendant had actual subjective awareness of the risks involved, but nevertheless

proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Defendant is liable to DICKENS for exemplary damages.

## VII.
## Damages

**A.** ***General Damages of LUQUECE DICKENS***

23. As a direct and proximate result of Defendant's negligence, Plaintiff, LUQUECE DICKENS, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

24. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, LUQUECE DICKENS, for each element are as follows:

a. The physical pain that LUQUECE DICKENS has suffered from the date of the accident in question up to the time of trial.

b. The mental anguish that LUQUECE DICKENS has suffered from the date of the accident in question up to the time of trial.

c. The damages resulting from the physical impairment suffered by LUQUECE DICKENS and the resulting inability to do those tasks and services that she ordinarily would have been able to perform.

d. The loss of any earnings sustained by LUQUECE DICKENS from the date of the incident in question up to the time of trial.

e. The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

25. From the time of trial of this case, the elements of damages to be considered for which Plaintiff, LUQUECE DICKENS, will sustain in the future beyond the trial are shown by a preponderance of the evidence are as follows:

a. The physical pain that LUQUECE DICKENS will suffer in the future beyond the time of trial.

b. The mental anguish that LUQUECE DICKENS will suffer in the future beyond the time of trial.

c. The damages resulting from the physical impairment that LUQUECE DICKENS will continue to suffer in the future and the resulting inability to do those tasks and services that she ordinarily would have been able to perform in the future beyond the time of trial.

d. The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

e. The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

26. Because of all of the above and foregoing, Plaintiff, LUQUECE DICKENS, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

B. ***Medical Damages of LUQUECE DICKENS***

27. Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, LUQUECE DICKENS, to secure medical and hospital services, including drugs and other medications, and it is reasonably probable that she will require additional medical, hospital and drug services in the future beyond this date. Plaintiff, LUQUECE DICKENS, here now sues for an additional sum within the

jurisdictional limits of the Court for past and future medical, hospital and drug services.

C. ***Gross Negligence/Malice***

28. The actions and omissions of the Defendant were so heedless and showed such a reckless disregard for the rights of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

D. ***Prejudgment Interest***

29. In addition to the above and foregoing allegations, Plaintiff further pleads that she is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

30. All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

31. DICKENS respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47(c)

32. Pursuant to T.R.C.P. 47(c), Plaintiff herenow seeks monetary relief over $1,000,000.00.

## XI.
## RULE 193.7 NOTICE

33. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## Prayer

WHEREFORE PREMISES CONSIDERED, LUQUECE DICKENS asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, LUQUECE DICKENS as follows:

(a) All actual, consequential, and special damages;

(b) Pre-judgment interest as provided by law;

(c) Punitive damages as provided by law;

(d) Post-judgment interest;

(e) Costs of Court; and,

(f) Such other and further relief, both general and special, legal and equitable, to which LUQUECE DICKENS may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Telecopier: (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFFS**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Julie Rogers on behalf of Jeffrey Todd
Bar No. 24028048
julie@jefftoddlaw.com
Envelope ID: 85782305
Filing Code Description: Petition
Filing Description: Petition
Status as of 3/21/2024 8:52 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dena Kana | | dena@jefftoddlaw.com | 3/20/2024 5:03:48 PM | SENT |
| Ana Argenal | | ana@jefftoddlaw.com | 3/20/2024 5:03:48 PM | SENT |
| Jeffrey N. Todd | | jeff@jefftoddlaw.com | 3/20/2024 5:03:48 PM | SENT |
| Julie Rogers | | julie@jefftoddlaw.com | 3/20/2024 5:03:48 PM | SENT |
| Jeffrey Nash Todd | 24028048 | jeff@jefftoddlaw.com | 3/20/2024 5:03:48 PM | SENT |